## Thompson's Appeal.

A feigned issue ought not to be granted, except to try definite and clearly defined questions of fact; it is error to direct an issue to try a question of law.

The widow of a decedent is not entitled, under the Act of 14th April 1851, to have $300 worth of property set apart for her use, out of land that has been taken in execution in his lifetime, and regularly sold after his death; the purchase-money having been paid and the sheriff's deed acknowledged and delivered.

APPEAL from the Orphans' Court of *Centre county*.

This was an appeal by Moses Thompson from the decree of the court below, setting apart for the use of the widow of William B. Henderson, deceased, a portion of the real estate of the decedent, purchased by the appellant at sheriff's sale.

On the 7th January 1854, Brooks, Tyson & Rehn recovered a judgment against the firm of Henderson & Fugate, of which William B. Henderson was a member, for $1723.28. A *fieri facias* was issued on this judgment, by virtue of which a levy was made on the real and personal estate of the defendant. Henderson claimed the benefit of the exemption law; $300 worth of personal property was set apart to him, and the balance of it was sold; an inquisition was held upon the real estate, which was extended at the yearly valuation of $900; Henderson accepted the property at the rent fixed by the inquest; but having failed to pay the first semi-annual instalment, a *venditioni exponas* was issued on the 19th July 1856, which was returned unsold for want of buyers.

On the 20th of October 1856, an *alias venditioni exponas* was issued; on the 23d, William B. Henderson died, leaving a widow, Martha Jane Henderson, and several children, all of whom were of full age; on the 6th November, letters of administration upon his estate were granted to his son, William B. Henderson, Jr.; on the 24th November, the sheriff sold the real estate, under the *alias venditioni exponas*, to Moses Thompson, the appellant, with the exception of one hundred and seventy acres which was returned unsold for want of buyers; on the 6th December, appraisers were appointed, who set apart for the use of the widow, under the provisions of the Act of 14th April 1851, personal property amounting to $45.87½, and so much of the real estate purchased by Thompson, at the rate of $31 per acre, as would make up to her the sum of $300.

To this appraisement exceptions were filed by Thompson, the purchaser, on the 4th February 1857; and, on the same day, the Orphans' Court awarded a feigned issue " to try the rights of the

[Thompson's Appeal.]

widow, Martha Jane Henderson;" she to be plaintiff, and Moses Thompson, the purchaser, defendant.

On the trial of the issue, a verdict was rendered for the plaintiff, subject to the opinion of the court, as to whether the widow was entitled to the part of the real estate thus set off to her. The court below (BURNSIDE, P. J.) gave judgment for the plaintiff on the verdict; approved the report of the appraisers, and decreed to the widow the portion of the real estate thus set apart for her use. And from this decree the present appeal was taken.

*McAllister*, for the appellant.—The *venditioni exponas* having been issued in the lifetime of the debtor, the rights of the creditors could not be defeated by proceedings under the Act of 1851. Besides, the widow's claim came too late, after a sheriff's sale, without notice of the claim: Neff's Appeal, 9 *Harris* 243; Weaver's Appeal, 6 *Id.* 307: Miller's Appeal, 4 *Id.* 300; 7 *Id.* 255; 8 *Id.* 141; 2 *Pars.* 279; 10 *Casey* 256.

*J. C. Mitchell*, for the appellee.—The right of the widow to select $300 worth of property, became absolute, under the Act of 1851, by the death of the decedent; and could not be affected either by the prior levy, or by the decedent having had the benefit of the exemption law of 1849. Her rights were paramount to those of the creditors: Spencer's Appeal, 3 *Casey* 218; Neff's Appeal, 9 *Harris* 245.

The opinion of the court was delivered by

LOWRIE, C. J.—In this case a feigned issue was directed to try by jury a question of law, to wit, "the right of the widow to her election, &c., as provided for by Act of Assembly." We should not like to have it supposed that such issues are often tried by jury. · Generally, feigned issues are framed to try definite and clearly defined questions of fact, and they ought always to be so. If the parties cannot, and do not, clearly define the fact in dispute, there ought to be no issue ordered.

No issue was needed here. The land was levied on in the defendant's lifetime, and regularly sold after his death; the price paid, and the deed acknowledged and delivered. His widow, after that, could not elect to take her $300, or any of it, out of that land. Against such injustice, even to favour a widow, no argument ought to be expected.

> The decree awarding part of the appellant's land to the widow is reversed, and it is ordered that she pay the costs of the proceeding; and the cause is remitted to the Orphans' Court, that this decree as to costs may be there enforced.